[No. H026291. Sixth Dist. Oct. 29, 2004.]

ABE GUPTA, Plaintiff and Appellant, v.
STANFORD UNIVERSITY et al., Defendants and Respondents.

COUNSEL

Abe Gupta, in pro. per., for Plaintiff and Appellant.

Pillsbury Winthrop, Sarah G. Flanagan, Kevin M. Fong and Jacob R. Sorensen for the Plaintiffs and Respondents.

OPINION

**RUSHING, P. J.**—At an evidentiary hearing before a judicial panel, plaintiff Abe Gupta was found to have violated the Honor Code at Stanford University by copying the work of two other students. Gupta was suspended, placed on probation and ordered to complete community service. An appeals panel affirmed the judicial panel's decision.

Gupta brought a civil complaint for damages against Stanford University (Stanford), and Laurette Beeson and Nancy Morrison, Stanford employees who participated in the hearing, based on allegations that there were defects in the hearing process.

The trial court sustained Stanford's demurrer to Gupta's first amended complaint without leave to amend, because Gupta failed to exhaust his judicial remedies before asserting his claim for damages. We find the trial court was correct in sustaining Stanford's demurrer, and we will affirm the judgment.

STATEMENT OF THE CASE AND FACTS

In 2001, while in his second quarter as an undergraduate student at Stanford University, Gupta's instructor for computer science accused him of improperly copying another student's assignment in violation of the Honor Code. The instructor referred the matter to Stanford's Judicial Affairs Office (JAO), which investigated the allegations. After the investigation was complete, the JAO charged Gupta with "copying the computerized assignment of another student."

In November 2001, Gupta participated in a hearing during which the matter was adjudicated before a judicial panel. During the hearing, the panel received evidence on whether Gupta had in fact violated the Honor Code while enrolled in the computer science class. After conclusion of the evidence, the judicial panel found that Gupta violated the Honor Code by copying work from two students on three assignments. As a result of its finding, the panel issued the following sanctions: a one-quarter suspension to

be served winter quarter 2001–2002, stayed until spring quarter 2002; one quarter suspended suspension; and probation until conferral of bachelor's degree. In addition, Gupta was ordered to complete 80 hours of community service.

In December 2001, Gupta submitted a written statement appealing the judicial panel's decision. In March 2002, Gupta's appeal was denied, and his suspension was due to begin on March 22, 2002.

On March 22, 2002, Gupta filed a complaint for damages against Stanford University, Laurette Beeson and Nancy Morrison, asserting claims for breach of contract and intentional and negligent infliction of emotional distress. Shortly thereafter, Gupta moved ex parte for a temporary restraining order and an order to show cause regarding a preliminary injunction restraining Stanford from giving effect to the Judicial Panel's November 28, 2001 finding that Gupta had cheated in his computer science class. The trial court denied Gupta's application for a temporary restraining order (TRO), and set a briefing schedule and hearing date for the application for the preliminary injunction. Gupta then withdrew his application for the preliminary injunction.

On March 29, 2002, Gupta again moved ex parte for a stay of implementation of the Judicial Panel's decision and penalty. The request was entitled: "EX PARTE APPLICATION FOR TEMPORARY STAY OF DECISION PENDING HEARING ON PETITION FOR WRIT OF MANDATE." The copy of the ex parte request contained in Appellant's Appendix is not stamped as filed in the superior court. The court denied Gupta's request for a stay on March 29, 2002, and the order was filed April 2, 2002.

Following the court's denial of the request for a stay, Gupta retained new counsel and filed his first amended complaint, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional and negligent misrepresentation, fraudulent concealment and intentional and negligent infliction of emotional distress. The basis for the claims in the first amended complaint is that Stanford failed to "fulfill [its] obligations . . . [under] the Stanford Judicial Charter of 1997," which was attached to the complaint.

In June 2003, the trial court sustained Stanford's demurrer to the first amended complaint without leave to amend. The basis for the court's order was that Gupta failed to obtain relief by petition for administrative mandamus. Judgment was subsequently entered against Gupta, and he appealed.[1]

---

[1] Gupta brings this appeal in pro. per.

## Discussion

The issue on appeal is whether the trial court erred in sustaining Stanford's demurrer to Gupta's first amended complaint based on the fact that Gupta failed to exhaust his judicial remedies prior to filing his claim.

■ The doctrine of exhaustion of judicial remedies precludes an action that challenges the result of a quasi-judicial proceeding unless the plaintiff first challenges the decision though a petition for writ of mandamus. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70 [99 Cal.Rptr.2d 316, 5 P.3d 874].) Administrative mandamus is available for review of "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." (Code Civ. Proc., § 1094.5, subd. (a).)[2]

■ The remedy of administrative mandamus is not limited to public agencies; rather it applies to private organizations that provide for a formal evidentiary hearing. (*Pomona College v. Superior Court* (1996) 45 Cal.App.4th 1716, 1722–1723 [53 Cal.Rptr.2d 662] [§ 1094.5 applicable to private universities].) ■ Moreover, failure to exhaust administrative remedies is a proper basis for demurrer. (*Id.* at pp. 1730–1731.)

■ We reject Gupta's assertion that the provisions of section 1094.5 do not apply to the case of a student who is subject to university disciplinary proceedings. The remedy of administrative mandamus applies to any organization that provides for an evidentiary hearing. Whether the aggrieved party is seeking redress for termination of employment, denial of tenure or academic discipline is irrelevant to the applicability of section 1094.5. "Mandamus is available if a hearing is required by . . . an organization's internal rules and regulations . . . . [Citations.]" (*Pomona College, supra,* 45 Cal.App.4th at p. 1727, fn. 10.) ■ In this case, the Stanford Judicial Charter of 1997 required an evidentiary hearing before a judicial panel to evaluate the charge of cheating. As such, mandamus is the appropriate remedy under section 1094.5.

Here, Gupta's failure to pursue administrative mandate precludes his claims in his first amended complaint. On appeal, Gupta asserts he did, in fact, file a petition for writ of administrative mandamus. However, our review of the record indicates that no petition was ever filed. There is no entry for a petition for a writ of administrative mandamus on the superior court's docket.

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

Additionally, the petition Gupta included in his appellant's appendix is not file endorsed by the clerk of the superior court. In sum, there is nothing in the record before us to indicate Gupta filed a petition for writ of administrative mandamus.

In addition to his assertion that he did actually file a petition for administrative mandamus, Gupta contends he is not barred by the doctrine of exhaustion of administrative remedies, because he seeks damages for conduct that occurred prior to the administrative hearing, the conduct at issue has "little relation to the underlying administrative inquiry and did not arise from the underlying hearing," and his claims were never adjudicated on their merits during the administrative hearing process. However, our review of the first amended complaint on which Gupta relies reveals a different conclusion. Gupta alleges a total of seven causes of action in the first amended complaint: two contract claims, and five tort claims. Each of these causes of action asserts violations of the established procedures for resolving disciplinary claims at Stanford. Regardless of Gupta's characterization of the causes of action in tort or contract, he cannot avoid the fact that the gravamen of his claims is confined to the disciplinary process and the proceedings against him. As such, Gupta was required to pursue his claims through writ of mandate, and his failure to do so supports the court's order sustaining the demurrer.

This case is similar to *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967 [125 Cal.Rptr.2d 115] (*Gutkin*), in which the Court of Appeal for the Second District considered the issue of whether the plaintiff was barred by the doctrine of exhaustion of judicial remedies because he failed to seek a writ of administrative mandamus. Although in *Gutkin* the plaintiff was seeking redress for his dismissal as a tenured professor, the case is clearly applicable to this one. In *Gutkin*, the plaintiff filed a complaint alleging breach of contract and tort causes of action arising out of his dismissal from the university. The court noted: "Despite the tort labels, the gravamen of Gutkin's tort claims before us is that the University employed a procedure to dismiss him that was not sanctioned by the 1987 faculty handbook pursuant to which he had been given tenure." (*Id.* at p. 979.) The court reasoned that Gutkin's contract and tort claims were "precisely the type of claims that administrative mandamus is designed to address." (*Id.* at p. 980.) Gutkin's failure to seek administrative mandamus precluded his ability to bring his tort and contract causes of action in superior court. As such, the court affirmed the trial court's decision sustaining the demurrer to the complaint without leave to amend.

The rationale in *Gutkin* is clearly applicable to the present case. Although Gupta alleges claims in tort and contract, the basis for these claims arises

from the disciplinary hearing at Stanford. In the first amended complaint, Gupta challenges Stanford's adherence to and administration of its mandated hearing process in evaluating the charge of cheating. As such, his claims are "precisely the type of claims that administrative mandamus is designed to address." (*Gutkin, supra*, 101 Cal.App.4th at p. 980.) Gupta's failure to seek administrative mandamus is a valid basis for the trial court's decision to sustain the demurrer to the first amended complaint.

### DISPOSITION

The judgment of the trial court is affirmed.

McAdams, J., and Walsh, J.,* concurred.

A petition for a rehearing was denied November 23, 2004, and appellant's petition for review by the Supreme Court was denied February 2, 2005.

---

*Judge of the Santa Clara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.