[No. B171843. Second Dist., Div. Four. Nov. 3, 2004.]

MARSANELL PAGE, Plaintiff and Appellant, v.
LOS ANGELES COUNTY PROBATION DEPARTMENT, Defendant and
Respondent.

**1138**

COUNSEL

Law Offices of Marvin L. Mathis and Marvin L. Mathis for Plaintiff and Appellant.

Kohrs & Fiske, Conrad Kohrs, Michael D. Mandel and Duncan J. McCreary for Defendant and Respondent.

OPINION

**GRIMES, J.—**

## INTRODUCTION

In this employment discrimination case, plaintiff Marsanell Page (Page) appeals from the order of dismissal entered after the trial court sustained the demurrer of defendant Los Angeles County Probation Department (Department) to Page's complaint without leave to amend. Page alleges that the Department discriminated against her and failed to accommodate her disability in violation of the California Fair Employment and Housing Act. (Gov. Code, § 12900 et seq., hereafter FEHA.)[1] We conclude that since Page failed to exhaust administrative and judicial remedies, she cannot pursue this action for damages. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Page began working for the Department in 1986. She started as a group supervisor and was eventually promoted to Detention Services Officer (DSO). A DSO takes care of minor wards by getting them ready for court and medical appointments, and to and from school and meals. In 1993, while attempting to break up a fight between two wards, Page was knocked down, hit her head on the floor, and injured her knees, back, and hands.

She was disabled from working for a number of years but volunteered at the Department from 1998 until 2002. Eventually, she was able to return to work, but the Department did not offer Page a position as a DSO, although it filled over 600 such positions, and the Department did not offer her any similar position. Page filed a grievance before the Los Angeles County Civil

---

[1] All further statutory references are to the Government Code unless indicated otherwise.

Service Commission (Commission).[2] Hearings were held on April 12, June 3, and August 5, 2002. On September 16, 2002, the hearing officer issued a lengthy written statement of decision and recommendation.

The hearing officer summarized the contentions of both parties in the statement of decision. The Department claimed that Page was physically incapable of performing the essential duties of her former position as a DSO, even with reasonable accommodation. It also contended that she was ineligible to be promoted to Deputy Probation Officer (DPO) even if she could perform in that capacity with accommodation. Page contested the Department's failure to permit her to return to work after she recovered from her on-the-job injury.

The hearing officer found that the Department attempted to provide a reasonable accommodation by offering Page a job as an Investigator Aid in January 2002. The Department engaged in lengthy negotiations with Page over the conditions she imposed on her acceptance of the Investigator Aid position. The hearing officer specifically found the parties negotiated in good faith. But on July 18, 2002, Page declined the offer. There is no evidence in the record suggesting that Page ever asked the Department to reopen discussions about the conditions under which she might be willing to accept an Investigator Aid position, and there is no evidence that the Department ever foreclosed any such discussions.

The hearing officer found the Department did not violate the Americans with Disabilities Act of 1990. He concluded the Department had not failed to accommodate Page's desire to return to work as a DSO because she could not perform the essential functions of the position, even with reasonable accommodations. He also concluded the Department had no duty to accommodate Page by promoting her to a DPO, because there was no DPO position open for her that she was medically able to accept. Finally, he concluded that Page should be allowed to reconsider the position as an Investigator Aid.

Both Page and the Department objected to the recommended findings. The Commission set, discussed, and/or continued its hearings several times between October 9, 2002 and May 14, 2003, without notifying the parties of

---

[2] The record does not contain a copy of the grievance claim and does not indicate when she filed it. The trial court granted the parties' requests to take judicial notice of the recommended decision, findings of fact and conclusions of law of the Commission hearing officer and of the parties' respective objections to the recommended decision. At the time of the hearing on the demurrer, the Commission had not issued a final decision.

its final decision.[3] Page did not file a petition for writ of administrative mandamus challenging the acts of the Commission.

While her administrative hearing was ongoing, Page filed a complaint of discrimination with the Department of Fair Employment and Housing (DFEH) and received a "right to sue letter."[4] Page brought this lawsuit against the Department for violations of FEHA on March 3, 2003. In a first cause of action for disability discrimination (§ 12940, subd. (a)), Page alleged that the Department refused to hire her because of her disability. She also alleged that the Department did not attempt to accommodate her as it filled numerous DSO and DPO positions while Page was attempting to return to work. Page alleged in a third cause of action that the Department failed and refused to take any reasonable steps to prevent disability discrimination. (§ 12940, subd. (k).) Despite being aware of Page's medical restrictions, volunteer work, and numerous attempts to return to work, the Department allegedly ignored and rejected her attempts and refused to search for modified or alternate work. In a fourth cause of action for failure to provide reasonable accommodations (§ 12940, subd. (m)), Page stated that the Department failed and refused to cooperate with her as it ignored her requests for accommodations. The Department also purportedly misrepresented the availability of positions and refused to search for modified or alternate positions.[5]

The Department demurred on the grounds that Page failed to exhaust her administrative remedy before the Commission and failed to challenge the adverse findings of the Commission's hearing officer by the only available

[3] Los Angeles County Civil Service Rules, rule 4.13 provides in relevant part as follows: "A. If the hearing . . . is not before the full commission, the hearing board shall, within 30 calendar days from the conclusion of the hearing, submit a written or oral report to the commission for its approval. . . . [¶] B. When the commission has reached a proposed decision, it shall notify each party of that decision. . . . [¶] . . . [¶] D. If either party files objections to the proposed findings and conclusions within the time specified above and the commission believes that the objections or parts thereof have validity, the commission shall amend the proposed findings and conclusions accordingly, and shall notify the parties that the amended findings and conclusions are a new proposed decision. Any party who has not previously filed objections shall have 10 business days from the date of the notice of the new proposed decision to file objections to that decision. The commission shall then consider those objections, and notify the parties of its final decision." (L.A. County Code, tit. 4, Personnel, appen. 1, Civil Service Rules, rule 4.13.) At oral argument before this court, appellant's counsel represented to the court that the Commission issued a final decision on June 3, 2004, substantially adopting the hearing officer's recommended decision.

[4] An aggrieved employee has one year to file an administrative complaint with the DFEH. It then investigates and will either issue an accusation for hearing before the Commission or issue a "right to sue" letter within 150 days. The employee has one year from when the right to sue letter is issued to file a FEHA lawsuit. (§ 12965, subd. (b).) The record does not contain copies of Page's FEHA complaint or the right to sue letter and does not precisely state when either document was filed or issued.

[5] Page does not appeal the dismissal of her second and fifth causes of action.

judicial remedy, a petition for writ of administrative mandamus, and the Commission's adverse decision precluded her FEHA lawsuit. Page argued in opposition that the Commission's findings were not final and she had obtained a right to sue letter from the DFEH.

The trial court sustained the demurrer without leave to amend on May 23, 2003. The court found that Page was required to exhaust all of her civil service remedies before she could invoke the jurisdiction of the superior court, and she should have done so by filing a writ petition instead of a FEHA lawsuit for damages. Page appealed from the order of dismissal of her complaint with prejudice.

## DISCUSSION

### I

### *Standard of Review*

■ An appellate court must assume the truth of all facts properly pled by the plaintiff in an appeal from a judgment of dismissal entered after the trial court sustains a demurrer without leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The court must also give the complaint a reasonable interpretation, read it in context, consider judicially noticed matters, and determine whether the facts in the complaint state a cause of action. (*Ibid.*) If the demurrer was sustained without leave to amend, the appellate court must decide whether the trial court abused its discretion by finding that it is not reasonably possible that plaintiff could amend the complaint to cure the defect. (*Ibid.*) An appellate court must affirm the judgment if the demurrer can be sustained on any theory. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1].)

### II

### *Page Failed to Exhaust Administrative and Judicial*
### *Remedies Before Filing This Action for Damages*

■ In *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074 [6 Cal.Rptr.3d 457, 79 P.3d 569] (*Schifando*), the Supreme Court held that government employees who believe they have suffered employment discrimination may choose to pursue remedies provided by either the Fair Employment and Housing Act (FEHA) or internal grievance procedures such as a city, county or state civil service commission. Public employees who choose

to file a complaint before the DFEH are not required to exhaust the remedies provided by a civil service commission. The *Schifando* court reasoned that some plaintiffs prefer the summary procedures of the civil service commission while others would prefer to bypass the administrative process and file a lawsuit to vindicate civil rights, and that giving the choice of forum to plaintiffs best serves the legislative purposes of FEHA. (*Schifando,* at p. 1087.)

■ The *Schifando* court made plain that, having chosen a forum for discrimination claims, a public employee must exhaust "the chosen administrative forum's procedural requirements." (*Schifando, supra,* 31 Cal.4th at p. 1088.) Moreover, if a public employee has requested a non-FEHA administrative remedy such as a civil service commission hearing and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court, or else the administrative decision will be binding on subsequent FEHA claims. (*Schifando,* at p. 1090.) "[E]mployees challenging administrative findings [must] do so in the appropriate forum, by filing a writ of administrative mandamus petition in superior court. [This] ensures that employees who choose to utilize internal procedures are not given a second 'bite of the procedural apple.' " (*Id.* at pp. 1090–1091.)

■ Page chose the civil service commission process and proceeded through three days of hearing over the course of four months, resulting in a comprehensive decision by the hearing officer. Page was not then free to ignore and abandon the administrative process and proceed to a FEHA action for damages. Page had to await a final Commission decision and, if it was adverse, then file a petition for writ of mandate in the trial court to overturn the Commission decision. Only if she had done so and prevailed in the writ proceedings, thus vacating the Commission decision, could she have then filed a lawsuit, since the Commission's decision has issue and claim preclusive effect. Meanwhile, the statute of limitations may have expired on her FEHA claims since there are strict deadlines for filing a complaint with the DFEH and for filing a lawsuit once the Department issues a right to sue letter. The *Schifando* court concluded that, to avoid such a "procedural minefield," and to achieve the "benefits of judicial economy, agency expertise, and potential for swift resolution of grievances," public employees may choose what forum is most appropriate to their situation. (*Schifando, supra,* 34 Cal.4th at pp. 1088–1089.)

Page, however, proceeded headlong into the "procedural minefield." The Commission's hearing officer rejected her claims of disability discrimination and failure to accommodate, and the Commission had not issued a final decision when she filed this lawsuit. Page never filed a petition for writ of administrative mandamus to overturn the adverse decision of the Commission. Instead, she filed a premature FEHA action over which the trial court

lacked jurisdiction because she failed to exhaust both her administrative and judicial remedies. Now, confronted with a possible time bar to pursuing FEHA claims, she asks us to revive her discrimination lawsuit notwithstanding her failure to exhaust the requisite administrative and judicial remedies. That we cannot do.

"Refusing to give binding effect to the findings of administrative agencies in quasi-judicial proceedings would . . . undermine the efficacy of such proceedings, rendering them in many cases little more than rehearsals for litigation." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 72 [99 Cal.Rptr.2d 316, 5 P.3d 874] (*Johnson*).) In *Johnson*, our Supreme Court explained the doctrine of exhaustion of judicial remedies by stating "unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding [by filing a writ petition,] those findings are binding in later civil actions." (*Id.* at pp. 69–70, fn. omitted.) Unlike the exhaustion of *administrative* remedies, a " 'jurisdictional prerequisite to resort to the courts,' " the exhaustion of *judicial* remedies "is necessary to avoid giving binding 'effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action.' [Citation.]" (*Ibid.*)

The *Johnson* court observed that requiring a party to exhaust judicial remedies promotes "(1) the interest in according proper respect to an administrative agency's quasi-judicial procedures by precluding a party from circumventing the established process for judicial review of such decisions by means of a petition for administrative mandate; and (2) 'providing a uniform practice of judicial, rather than jury, review of quasi-judicial administrative decisions.' (*Westlake* [*Community Hosp. v. Superior Court* (1976)] 17 Cal.3d [465,] 484 [131 Cal.Rptr. 90, 551 P.2d 410].]" (*Johnson, supra*, 24 Cal.4th at p. 70.)

Here, Page did not exhaust her administrative remedies by awaiting the Commission's final decision before filing suit. If the Commission's final decision is unsatisfactory to Page, then she must exhaust her judicial remedy by filing a petition for writ of administrative mandamus in the trial court. If she does not prevail in the writ proceedings, then the Commission's decision will be binding and defeat her FEHA claims. If she does prevail in the writ proceedings, she may ultimately obtain relief from the Commission. Her FEHA claims may be time-barred, or the doctrine of equitable tolling may avoid that problem. (See *Ruiz v. Department of Corrections* (2000) 77 Cal.App.4th 891, 899 [92 Cal.Rptr.2d 139].)

■ Public employees have the benefit of the civil service commission process to redress discrimination, which is less costly and protracted than

litigation. Though a public employee may choose to bypass the administrative process, if she pursues it through evidentiary hearings to a proposed decision, then she has the burden to exhaust administrative and judicial remedies notwithstanding the risk that a FEHA claim may no longer be viable.

## DISPOSITION

The order of dismissal is affirmed.

Epstein, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 19, 2004, and appellant's petition for review by the Supreme Court was denied February 2, 2005.