Filed 5/21/15  Glover v. City of Santa Barbara

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| ANTHONY GLOVER,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SANTA BARBARA,<br><br>  Defendant and Respondent. | 2d Civil No. B257114<br>(Super. Ct. No. 1438882)<br>(Santa Barbara County) |

Anthony Glover appeals from the judgment entered in favor of the City of Santa Barbara, respondent.  The trial court sustained respondent's demurrer to appellant's complaint without leave to amend.  Appellant was formerly employed by respondent.  His complaint includes causes of action for discrimination, unlawful termination of employment, and defamation.  Before the complaint was filed, respondent's Civil Service Commission (Commission) reviewed appellant's termination and issued a final decision upholding it.  Appellant contends that the trial court erroneously ruled that the instant action is barred because he failed to file a petition for a writ of administrative mandate.  We affirm.

*Factual and Procedural Background*

Appellant's complaint consists of five causes of action.  The first, second, third, and fifth causes of action allege violations of section 12940 of the Fair Employment and Housing Act (FEHA).  (Gov.Code, § 12900 et seq.)  These causes of action are

entitled "Employment Discrimination on the Basis of Race and Medical Condition," "Harassment on the Basis of Race and Medical Condition," "Failure to Investigate and Take Appropriate Action In Response to Complaint of Harassment," and "Retaliation." The fourth cause of action is for defamation.

The complaint alleges as follows: Appellant worked in the Water Resources Distribution Section of respondent's Public Works Department. He was "regularly singled out, belittled, chastised and harassed due to his well-documented medical condition [hypertension and pre-diabetes] and his [African-American] race." Respondent's employees made defamatory statements about appellant. Respondent "used those statements as a purported basis upon which to terminate [appellant's] employment." "The actual motivation" for his termination was "that he [i]s an African American and suffers from a medical condition."

Before filing the complaint, appellant sought review of his termination before the Commission. After an evidentiary hearing, the Commission upheld the termination. Appellant sent a letter to the Commission "requesting an appeal of [its] decision." The Commission subsequently "upheld the termination in their final decision."

On April 25, 2013, respondent wrote a letter to appellant informing him that the Commission's decision had become final on April 24, 2013. The letter warned: "In accordance with . . . Code of Civil Procedure Section 1094.6, any action seeking judicial review of this decision must be filed no later than the ninetieth (90th) day following the day the decision becomes final."[1] Instead of seeking judicial review as provided in section 1094.6, appellant filed the instant complaint.

Respondent demurred to the complaint. In a six-page ruling, the trial court sustained the demurrer without leave to amend. The court concluded that, pursuant to the doctrine of collateral estoppel, appellant's FEHA claims are barred because he failed to file a petition for a writ of administrative mandate challenging the Commission's final decision. (§§ 1094.5-1094.6.) In addition, the court concluded

_____

[1] All statutory references are to the Code of Civil Procedure.

that the doctrine of collateral estoppel barred the defamation claim because the Commission made a final determination "that the charges of misconduct by [appellant] were true."  The court relied on *Miller v. City of Los Angeles* (2008) 169 Cal.App.4th 1373 (*Miller*).

*Discussion*

In *Miller* the City of Los Angeles terminated Miller's employment.  He appealed to the Board of Civil Service Commissioners (Board).  After an evidentiary hearing, the Board upheld his discharge.  Miller did not file a petition for a writ of administrative mandate.  Instead, he filed a civil action against the City.  The complaint alleged FEHA claims including racial discrimination, harassment, and retaliation, as well as a claim of defamation.  (*Miller*, *supra*, 169 Cal.App.4th at p. 1378.)  The trial court sustained the City's demurrer to the entire complaint without leave to amend.

The appellate court affirmed.  It noted: "In *Johnson v. City of Loma Linda* (*Johnson*) (2000) 24 Cal.4th 61, [69-70,] . . . our Supreme Court determined: '[U]nless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions. . . . Exhaustion of *judicial* remedies . . . is necessary to avoid giving binding "effect to the administrative agency's decision . . . ."  [Citation.]' [Citation.]"  (*Miller*, *supra*, 169 Cal.App.4th at p. 1379.)  The *Miller* court continued: "As the *Johnson* court stated: 'We conclude that when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, *and fails to have the finding set aside through judicial review procedures*, the adverse finding is binding on discrimination claims under the FEHA.' [Citation.]"  (*Id*., at p. 1382.)  Thus, Miller "was collaterally estopped from arguing in his complaint that his termination was wrongful" in violation of the FEHA. (*Id*., at p. 1383.)  In addition, collateral estoppel prevented Miller from establishing his defamation claim.  (*Ibid*.)

Based on *Miller*, *supra*, 169 Cal.App.4th 1373, and *Johnson*, *supra*, 24 Cal.4th 61, the trial court properly sustained the demurrer without leave to amend.  The court

3

took judicial notice of the Commission's "Final Decision on Appeal of Termination." The Commission credited testimony that appellant had engaged in misconduct at a "training session required as part of his job duties." The Commission found that appellant had consumed alcohol and "had disrupted the session through loud talking and profanity." He "exhibited belligerent behavior" by "confront[ing] another attendee in an aggressive manner" and "had to be restrained." His "disruptive behavior continued for many minutes." He "was ultimately removed from the training session by one of his co-workers."

The Commission determined that, prior to the training session, appellant had been properly reprimanded or counseled (1) for reporting to work under the influence of alcohol, (2) for "deceitfulness" in misrepresenting to his supervisor that he had taken an examination, and (3) for talking on a cell phone while driving a city vehicle. Appellant falsely claimed that he had used the cell phone while the vehicle was parked. His false claim "violated the City's Organizational Values in failing to display 'candor' and 'honesty.' " The Commission also determined that appellant had been properly demoted for failing to obtain a required Water Distribution Operator license. "[H]is failure threatened the City's license as a water provider under California law." The Commission concluded that respondent had "met its burden of proof with respect to the Final Notice to Dismiss . . . by showing by a preponderance of the evidence that the Appellant violated City Charter Section 1007 on the basis of acts inimical to the public service."

Because appellant did not seek judicial review of the Commission's final decision by filing a petition for a writ of administrative mandate, the Commission's adverse findings are binding in the instant civil action. (*Miller*, *supra*, 169 Cal.App.4th at p. 1382.) Appellant, however, argues that "[c]ollateral estoppel cannot apply here" because "[t]he claims that [he] is raising in this lawsuit, namely that he was discriminated against and defamed, were not adjudicated and decided in the Civil Service hearing."

4

"Collateral estoppel precludes a party to an action from relitigating in a second proceeding matters litigated and determined in a prior proceeding. [Citations.]" (*People v. Sims* (1982) 32 Cal.3d 468, 477, fn. omitted.) The Commission decided that appellant had engaged in misconduct justifying both his termination and prior disciplinary actions against him, including a demotion. Collateral estoppel precludes appellant from relitigating these issues in the instant civil action. The Commission's binding adverse findings defeat his FEHA claims that he was discriminated against and discharged because of his medical condition and race. They also defeat his defamation claim. The complaint alleged that the defamatory statements concerned appellant's improper conduct at the training session, but the Commission found these statements to be true. "[T]ruth is a complete defense to a defamation claim. [Citation.]" (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 293.)

Pursuant to *Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, the doctrine of collateral estoppel applies irrespective of whether appellant raised his discrimination claims at the administrative hearing. In *Takahashi* a public school teacher was discharged for incompetency. After the discharge was upheld at an administrative hearing, the teacher unsuccessfully sought a writ of mandate in the superior court. She subsequently brought a civil action for damages against her employer. Her complaint included causes of action for discrimination in employment on account of race, ancestry, sex, and age. The teacher argued that the doctrine of collateral estoppel did not preclude her from litigating the discrimination claims because she had not raised them at the administrative hearing. The appellate court rejected her argument: "There can be no justification for plaintiff's position that she should be permitted to fail to assert at the administrative hearing constitutional and civil rights violations as reasons that made her termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the court those reasons, and then be allowed to recover damages in this . . . action that resulted from termination of her employment alleged to be wrongful based on those same reasons." (*Id*., at p. 1485.)

5

The reasoning of *Takahashi* applies with equal force here. Like the teacher in *Takahashi*, appellant was afforded an opportunity to raise his discrimination claims at the administrative hearing. "[T]he focus of our inquiry should be on whether the party against whom issue preclusion is being sought had 'an adequate opportunity to litigate' the factual finding or issue in the prior administrative proceeding. [Citation.] . . . Appellate courts of this state have . . . recogniz[ed] that 'it is the *opportunity to litigate* that is important in these cases, not whether the litigant availed himself or herself of the opportunity. [Citation.]' [Citation.]" (*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 869.)

Appellant asserts that he was affirmatively precluded from raising his discrimination claims at the administrative hearing. We disregard the assertion because it is not supported by citation to the record. (*Hernandez v. Vitamin Shoppe Industries, Inc.* (2009) 174 Cal.App.4th 1441, 1453 [" 'an appellate court *may* disregard any factual contention not supported by a proper citation to the record' "].)

Appellant contends that the judgment must be reversed because he "was prevented from calling the witnesses that would have supported his position. Therefore, he was not allowed to present evidence that supported his case." We disregard this contention because it is also not supported by citation to the record. (*Hernandez v. Vitamin Shoppe Industries, Inc.*, *supra*, 174 Cal.App.4th at 1453.) Even if appellant were prevented from calling witnesses at the administrative hearing, his "failure to make an offer of proof or other proper record of the [witnesses'] testimony defeats the claim." (*Gutierrez v. Cassiar Min. Corp.* (1998) 64 Cal.App.4th 148, 161.)

Finally, appellant argues: "To allow [respondent] . . . to absolutely control the Civil Service Process without providing proper notice as to what limitations and restrictions will be placed on the terminated employee if they elect to proceed with the Civil Service hearing, such as barring all claims from being litigated in a court of law, is a travesty of justice and something that cannot be allowed to continue. . . . Full notice and disclosure must be given to a terminated employee[] so that he or she can

6

make an educated decision as to which forum to use." Appellant claims that, because respondent failed to provide him with the requisite notice, his due process rights were violated. In his reply brief, appellant asserts: "A one page or less document could fully inform an employee of his or her options and the potential impact on his or her rights of a decision to proceed with Civil Service."

Appellant is in effect arguing that, when he was discharged, respondent was required to give him a warning along the following lines: " '[G]overnment employees who believe they have suffered employment discrimination may choose to pursue remedies provided by *either* the Fair Employment and Housing Act (FEHA) *or* internal grievance procedures such as a city, county or state civil service commission. Public employees who choose to file a complaint before the DFEH [Department of Fair Employment and Housing] are not required to exhaust the remedies provided by a civil service commission.' . . . [¶] . . . '[I]f a public employee has requested a non-FEHA administrative remedy such as a civil service commission hearing and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court [and must succeed in setting aside the decision], or else the administrative decision will be binding on subsequent FEHA claims. . . .' [Citation.]" (*Miller*, *supra*, 169 Cal.App.4th 1380-1381, brackets added, quoting from *Page v. Los Angeles County Probation Dept.* (2004) 123 Cal.App.4th 1135, 1141-1142.)

Appellant has forfeited his claim that respondent was required to give such a warning upon his discharge from employment. The claim is not supported by meaningful legal analysis and citations to pertinent authority. " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority . . . ." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

7

*Disposition*

The judgment is affirmed.  Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

8

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Lauren John Udden, Garry M. Tetalman. For Appellant.

Ariel Pierre Calonne, City Attorney, City of Santa Barbara and John S. Doimas, Deputy City Attorney, for Respondent.