NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORTEZA BENJAMIN RAY KARIMI, | No. 19-15469 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05702-JCS |
| v. | |
| GOLDEN GATE SCHOOL OF LAW; DEAN ANTHONY NIEDWIECKI, in his official capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

Before:     SILVERMAN, CHRISTEN, and BADE, Circuit Judges.

Morteza Benjamin Ray Karimi appeals pro se from the district court's

summary judgment in his diversity action arising from his suspension and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withdrawal from Golden Gate University Law School. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Karimi's claim under California Education Code section 94367 because the claim was moot. *See* Cal. Educ. Code § 94367(b) (under this section a plaintiff is limited to injunctive and declaratory relief as well as attorney's fees); *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1155 (9th Cir. 2017) (a district court lacks jurisdiction over a claim when there is no longer a possibility that a plaintiff can obtain relief).

The district court properly granted summary judgment on Karimi's claims for breach of contract and breach of the covenant of good faith and fair dealing because Karimi failed to exhaust his administrative and judicial remedies and because the student handbook permitted the actions taken by defendants. *See Gupta v. Stanford Univ.*, 21 Cal. Rptr. 3d 192, 194 (Ct. App. 2004) (holding that a student contesting discipline within a university must first exhaust internal remedies and then file a writ of mandamus before pursuing a civil action).

The district court properly granted summary judgment on Karimi's defamation and false light claims because Karimi failed to raise a genuine dispute of material fact as to whether the alleged conduct was not either substantially true or a statement of opinion. *See* Cal. Civ. Code, §§ 44, 45; *Jackson v. Mayweather*,

217 Cal. Rptr. 3d 234, 253, 256 (Ct. App. 2017) (for defamation, "the inquiry is not merely whether the statements are fact or opinion, but whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact"; if a false light claim is coupled with a defamation claim, the false light claim succeeds or fails based on the defamation claim).

The district court properly granted summary judgment on Karimi's claim for public disclosure of private facts because Karimi failed to raise a triable dispute as to whether defendants disclosed private facts about Karimi. *See Jackson*, 217 Cal. Rptr. 3d at 249 (elements of claim for public disclosure of private facts).

The district court properly granted summary judgment on Karimi's claim for intentional infliction of emotional distress ("IIED") because Karimi failed to raise a triable dispute as to whether defendants' actions were outrageous. *See Hughes v. Pair*, 209 P. 3d 963, 976 (Cal. 2009) (elements of an IIED claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-15469