NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYCE DIXON, | No.    23-55079 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-05286 |
| v. | MEMORANDUM[*] |
| UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation, | |
| Defendant-Appellee, | |
| and | |
| DOES, 1 to 50 inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 15, 2024[**]
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before:  BOGGS,[*] NGUYEN, and LEE, Circuit Judges.

Following a Title IX investigation, the University of Southern California expelled Bryce Dixon for sexual misconduct in May 2015.  Dixon filed a mandamus petition against USC in California state court challenging the Title IX investigation, and he ultimately had his expulsion set aside in October 2019.  In April 2016, while his mandamus petition was still pending, Dixon was sentenced to state prison for his involvement in a carjacking.  Nearly two years after the conclusion of his state mandamus proceedings, Dixon in June 2021 sued USC, alleging that his Title IX proceeding was tainted by anti-male bias and that USC deprived him of a fair hearing.

The district court granted summary judgment for USC, ruling that all of Dixon's claims were time-barred by the applicable two-year and four-year statutes of limitations.  On appeal, Dixon argues that his claims are not time-barred owing to the interplay between statute-of-limitations law and California's doctrine of judicial exhaustion.  We review the district court's grant of summary judgment de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]  The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1. <u>Dixon's claim accrued in May 2015 when he was expelled.</u> Under California's doctrine of judicial exhaustion, "unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69–70 (2000). This doctrine applies to Dixon's claims. *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 411 (2004). Dixon was thus required to "first succeed in overturning the quasi-judicial action"—his Title IX proceeding at USC—via a petition for writ of administrative mandate before he could pursue his damages claims against USC. *Johnson,* 24 Cal. 4th at 70 (citing *Westlake Cmty. Hosp. v. Super. Ct.*, 17 Cal. 3d 465, 484 (1976)).

Dixon asserts that—because judicial exhaustion was required—his claims did not accrue until October 2019, when the state trial court granted his mandamus petition. Dixon offers no authority for that proposition. And, in fact, the California Supreme Court has stated that a claim's limitations period can run concurrently with mandamus proceedings. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 114 (2008). That statement indicates that the requirement of judicial exhaustion does not defer a claim's accrual. Because Dixon does not otherwise dispute the district court's determination that he "was fully aware of [his] injury" when USC expelled him in May 2015, we affirm the district court's determination that Dixon's claims accrued at that time.

3

2.  <u>The judicial-exhaustion doctrine does not toll the statute of limitations.</u>

Dixon next argues that the mandatory requirement of judicial exhaustion automatically equitably tolled his claims until October 2019. But California law does not provide for automatic equitable tolling during judicial exhaustion. Dixon attempts to rely on *McDonald*, but *McDonald* examined automatic equitable tolling for claims requiring *administrative* exhaustion. 45 Cal. 4th at 101. Administrative exhaustion is a separate doctrine—"a jurisdictional prerequisite to resort to the courts"—that "is to be distinguished" from judicial exhaustion. *Johnson*, 24 Cal. 4th at 70. For judicial exhaustion, *McDonald* merely stated that "issues of judicial[] exhaustion and equitable tolling are distinct"; indeed, "a complainant may exhaust available judicial review procedures only to find a subsequent complaint time-barred." 45 Cal. 4th at 114.

The lack of automatic equitable tolling under California law can, as Dixon points out, create practical difficulties for plaintiffs required to judicially exhaust. A plaintiff who has not litigated his mandamus petition to completion but approaches the end of his limitations period has two choices: He can either (1) wait until the completion of his mandamus proceedings to file suit and risk running afoul of the statutes of limitations on his damages claims (like Dixon); or (2) file suit before his mandamus petition is resolved and risk his premature damages case being stayed or dismissed for failure to judicially exhaust. California courts have acknowledged this

4

dilemma but have concluded that discretionary—not automatic—equitable tolling may be the appropriate solution. *See, e.g.*, *Page v. L.A. Cnty. Prob. Dep't*, 123 Cal. App. 4th 1135, 1143 (2004); *Ruiz v. Dep't of Corr.*, 77 Cal. App. 4th 891, 899 (2000).

3. <u>Cal. Civ. Proc. Code § 352.1 does not apply.</u> Dixon argues that Cal. Civ. Proc. Code § 352.1 should toll his claims. Under § 352.1, "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, . . . the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Cal. Civ. Proc. Code § 352.1(a).

Section 352.1, by its plain text, applies only to causes of action that "accrued" during Dixon's incarceration. Dixon's § 352.1 argument thus rises or falls with his accrual argument. Because Dixon's claims accrued in May 2015—before his April 2016 incarceration—§ 352.1 does not toll his claims.

4. <u>The district court did not err in denying equitable tolling.</u> Finally, Dixon asserts that he is entitled to equitable tolling. Under California statute-of-limitations law, the filing of one action may equitably toll another action if three conditions are satisfied: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (citing *Addison v.*

*State*, 21 Cal. 3d 313, 319 (1978)). Dixon has the burden of demonstrating these factors. *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912 (2010).

Dixon did not carry his burden of satisfying the third factor. When analyzing a plaintiff's reasonable conduct, his timeliness in filing his second action is an important consideration. *See, e.g.*, *McDonald*, 45 Cal. 4th at 102 n.2; *Addison*, 21 Cal. 3d at 319 (noting that plaintiffs "promptly" filed their second action). Dixon's mandamus proceedings concluded in October 2019, but he did not file his damages action until June 2021. Even if we accept Dixon's argument that it was reasonable to wait until the conclusion of his mandamus proceedings before filing this damages action, a 20-month delay is too long to be deemed reasonable. *Cf. Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App. 4th 1396, 1407 (1992) (equitable tolling was not warranted given nine-month delay); *Ervin v. L.A. Cnty.*, 848 F.2d 1018, 1020 (9th Cir. 1988) (delay of "perhaps as much as a year and a half" was unreasonable). And while we may consider a plaintiff's stated circumstances, Dixon proffers no justification for his inordinate delay. *Cf. Brome v. Cal. Hwy. Patrol*, 44 Cal. App. 5th 786, 798 (2020).

Because Dixon is not entitled to equitable tolling, all of his claims are time-barred. Accordingly, the district court's order is **AFFIRMED**.

6