Filed 12/6/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----


| | |
|---|---|
| IRA DON PARTHEMORE, | C072611 |
| Plaintiff and Appellant, | (Super. Ct. No. 11CVC07422) |
| v. | |
| PETER R. COL, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Amador County, Harlan, Judge.  Affirmed.

Susan E. Coleman, Kristina Doan Gruenberg for Plaintiff and Appellant.

Ira Don Parthemore, in pro. per., for Defendant and Respondent.


Plaintiff Ira Don Parthemore, an incarcerated person representing himself in pro per, appeals from a judgment dismissing his action against defendant Peter R. Col, an optometrist under contract with the Department of Corrections and Rehabilitation (DCR). The trial court found plaintiff failed to exhaust his administrative remedies, and sustained

1

defendant's demurrer to plaintiff's first amended complaint without leave to amend (*Wright v. State of California* (2004) 122 Cal.App.4th 659).

On appeal, plaintiff argues he was not required to exhaust the administrative remedies available to prisoners before bringing this action because defendant was an independent contractor. In this issue of first impression, plaintiff asserts that the rule embodied in the Government Claims Act, which by definition excludes independent contractors from the definition of public employees to which the Act applies (Gov. Code, §§ 810.2, 820), applies equally to the administrative grievance system that prisoners must exhaust as a prerequisite to trial court jurisdiction, and exempts from the administrative process all claims arising from the acts or omissions of independent contractors. (Cal. Code Regs., tit. 15, § 3084 et seq.)

We disagree. Plaintiff's obligation to exhaust the administrative remedies available to prisoners concerning the medical treatment they receive is independent of the obligation to comply with the Government Claims Act (see, e.g. *Wright v. State of California, supra,* 122 Cal.App.4th at pp. 670-671; *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1155). And neither the language of the applicable regulations nor the policies underlying them except the acts and omissions of independent contractors from those as to which a prisoner must exhaust his remedies before bringing this action (*Wright v. State of California, supra*, 122 Cal.App.4th at pp. 664-665). Accordingly, we conclude the trial court correctly ruled that plaintiff's complaint must be dismissed for failure to exhaust administrative remedies.

FACTS AND PROCEEDINGS

Because we are reviewing an order sustaining a demurrer, we accept as true the allegations of fact set forth in plaintiff's complaint(s). (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) Therefore, the facts set forth in this opinion are taken from the allegations in plaintiff's pleadings.

Plaintiff is a prison inmate. Defendant is an optometrist under contract with Mule Creek State Prison.

Defendant examined plaintiff and diagnosed him as having cataracts in both eyes. Defendant advised plaintiff he would require surgery, but failed to schedule it.

Plaintiff filed a health care appeal requesting he be provided with cataract surgery. A further optometry appointment was scheduled for plaintiff with defendant, and the health care appeal was suspended pending that appointment.

At his next appointment with plaintiff, defendant determined that plaintiff's cataracts did not warrant surgery. Defendant also told plaintiff he had completed DCR form 1845, a disability placement program verification, identifying plaintiff as having "legal blindness," a visual impairment that is not correctable to better than 20/200 visual acuity. Plaintiff alleges defendant deliberately and falsely indicated plaintiff is legally blind so DCR would be compelled to transfer plaintiff to a medical facility capable of providing for the needs of the legally blind.

Plaintiff sought and obtained a reevaluation appointment, at which he asked defendant for a new vision test and new glasses prescription, and asked defendant to reevaluate whether the legal blindness diagnosis could be changed. Defendant did a quick eye test and agreed plaintiff's corrected vision was 20/70, but he declined to change his diagnosis or provide a new prescription.

Plaintiff was subsequently examined by an ophthalmologist, who confirmed that plaintiff's "central" corrected vision was 20/70. Despite this finding, plaintiff was transferred from Mule Creek Prison to the medical facility.

An optometrist at the medical facility examined plaintiff and diagnosed plaintiff as having corrected visual acuity of 20/100 in the right eye and 20/60 in the left. Based on this diagnosis, plaintiff should never have been diagnosed as legally blind or transferred to the medical facility. The optometrist prepared a new DCR 1845 form, noted that

plaintiff's vision is "better than 20/200 in both eyes" and indicated plaintiff should be removed from the disability placement program.

Shortly thereafter, however, because plaintiff could not "fully see the new and unfamiliar physical layout" of the medical facility, he stumbled over a fixed bench and broke his right kneecap and several bones in his left shoulder. After he recovered from the fall, plaintiff was transferred back to Mule Creek State Prison.

Plaintiff then sued defendant and asserted claims based on theories of negligence and intentional tort. Defendant's demurrer on the ground the complaint failed to state a cause of action was sustained with leave to amend.

Plaintiff then filed the first amended (operative) complaint. Plaintiff's first cause of action for negligence alleges his fall was the result of defendant's refusal to issue a new eyeglass prescription at plaintiff's reevaluation appointment. Plaintiff's second cause of action for intentional tort alleges his transfer to the medical facility was the consequence of defendant's having deliberately falsified official DCR medical records.

Defendant demurred to the complaint on the grounds plaintiff failed to allege he had exhausted his administrative remedies; and failed to allege facts stating a cause of action for either negligence or intentional tort. Defendant also demurred on the ground plaintiff failed to allege compliance with the Government Claims Act, but he later abandoned that argument, reasoning that the Act does not apply to independent contractors (see Gov. Code, §§ 810.2, 811.4, 820).

Opposing the demurrer, plaintiff argued he was not required to pursue an administrative appeal directed at the actions, decisions or omissions of defendant, an independent contractor. Alternatively, plaintiff asserted, he *did* exhaust his administrative appeal and he attached to the opposition documents showing he filed an administrative health care appeal form challenging defendant's failure to order cataract surgery, to which he later added a claim defendant falsified the 1845 form by defining plaintiff as legally blind. This appeal was "partially granted" at the second level

4

response, in that a new 1845 form reflected that plaintiff is not legally blind and cataract surgery was scheduled. Finally, plaintiff argued his complaint properly states causes of action for both negligence and intentional tort.

Following a hearing, the trial court found plaintiff failed to demonstrate his exhaustion of administrative remedies, sustained the demurrer without leave to amend, and entered judgment in defendant's favor.

DISCUSSION

I

*Standard of Review Applicable to Demurrer*

Our standard of review of an order sustaining a demurrer is well settled. We independently review the ruling on demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action. (*McCall v. PacifiCare of Cal., Inc*. (2001) 25 Cal.4th 412, 415.) In doing so, we "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.]" (*City of Dinuba v. County of Tulare, supra*, 41 Cal.4th at p. 865.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

5

II

*Jurisdictional Requirement of Exhaustion of Administrative Remedies*

The "rule of exhaustion of administrative remedies is well established in California jurisprudence." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 (*Campbell*).) Generally, it means a party must exhaust administrative remedies before resorting to the courts. (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd*. (2005) 35 Cal.4th 1072, 1080.) More specifically, " '[t]he doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided by statute, regulation, or ordinance, relief must be sought by exhausting this remedy before the courts will act.' [Citation.]" (*Kaiser Foundation Hospitals v. Superior Court* (2005) 128 Cal.App.4th 85, 99-100.)

The "failure to exhaust administrative remedies is a proper basis for demurrer." (*Gupta v. Stanford University* (2004) 124 Cal.App.4th 407, 411; see also *Campbell, supra,* 35 Cal.4th at p. 333 [upholding trial court's sustaining of demurrer on administrative exhaustion grounds].) A complaint is vulnerable to demurrer on administrative exhaustion grounds when it fails to plead either that administrative remedies were exhausted or that a valid excuse exists for not exhausting. (See *Campbell, supra*, 35 Cal.4th at pp. 321-322, 333; *Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 736-737; *Hood v. Hacienda La Puente Unified School Dist*. (1998) 65 Cal.App.4th 435, 439.) A complaint is also vulnerable to demurrer on administrative exhaustion grounds where the complaint's allegations, documents attached thereto, or judicially noticeable facts indicate that exhaustion has not occurred and no valid excuse is alleged in the pleading to avoid the exhaustion requirement. (See *Doe II v. MySpace Inc*. (2009) 175 Cal.App.4th 561, 566; *Williams, supra*, 121 Cal.App.4th at p. 714, fn. 6 [matters of judicial notice may be considered on demurrer].)

6

A California state prisoner must exhaust available administrative remedies before filing a lawsuit. (*Wright v. State of California, supra,* 122 Cal.App.4th 659.) California prison regulations establish a multilevel administrative review process for the resolution of prison grievances. (See Cal. Code Regs., tit. 15, §§ 3084.1-3084.7; *Vaden v. Summerhill* (9th Cir. 2006) 449 F.3d 1047, 1049.) They provide that a prisoner may seek review by appeal of "any policy, decision, action, condition, or omission by the department or its staff" that has a material adverse effect upon his "health, safety, or welfare." (Cal. Code Regs., tit. 15, § 3084.1, subd. (a).)

To commence the administrative appeal process, the prisoner must initiate an *informal* appeal in which the prisoner and staff involved in the action or decision attempt to resolve the grievance informally. (Cal. Code Regs., tit. 15, §§ 3084.2, subds. (a) & (b), 3084.5, subd. (a) & (a)(2), 3084.6, subd. (c).) The prisoner must utilize a DCR 602 to describe the relief requested. (Cal. Code Regs., tit. 15, § 3084.2, subd. (a).) If an informal appeal does not resolve the grievance, the prisoner may proceed through a series of three formal levels of review. (Cal. Code Regs., tit. 15, §§ 3084.1, subd. (a), 3084.7, subds. (a)-(c).) Administrative remedies are not deemed exhausted until the appeal proceeds to a third level review, and administrative remedies are not deemed exhausted as to any new issue, information or person not included in the originally submitted DCR 602. (Cal. Code Regs., tit. 15, § 3084.1, subd. (b); see *Woodford v. Ngo* (2006) 548 U.S. 81, 85-86 [165 L.Ed.2d 375] [outlining requirements in a prior iteration of California's grievance regulations].)

Requiring proper exhaustion of administrative remedies in accordance with these procedures serves multiple goals: it may mitigate damages; promotes judicial economy; encourages prisoners to make full use of the prison grievance processes; provides prisons with a fair opportunity to correct their own errors; reduces the quantity of prisoner suits; and provides a record for courts to review. (*Wright v. State of California, supra,*

122 Cal.App.4th at pp. 668-670; see also *Woodford v. Ngo, supra*, 548 U.S. at pp. 88-91, 94-95 [165 L.Ed.2d at pp. 377-378, 380-381].)

Partly because the purpose of a grievance procedure such as the one at issue here is to alert the prison to a problem and facilitate its resolution, exhaustion of administrative remedies is required even when money damages or other relief sought by the prisoner is unavailable. (*Wright v. State of California, supra,* 122 Cal.App.4th at p. 669.)

### III

*Plaintiff's Failure to Exhaust His Administrative Remedies is Not Excused*

On the first amended complaint form, plaintiff checked the boxes acknowledging he "is required to comply with a claims statute" and indicating he had done so. In opposition to the demurrer, plaintiff suggests this allegation constituted a pleading he administratively exhausted his claims against defendant. (See *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1236-1237.) A fair reading of the documents appended to plaintiff's demurrer opposition, however, indicates they represent a proposal to amend the complaint to allege the facts contained therein, and they do not show plaintiff exhausted his administrative remedies as to claims raised in the complaint. (See *Cantu v. Resolution Trust Corp*. (1992) 4 Cal.App.4th 857, 890.)

Plaintiff's appeal of defendant's refusal to schedule him for cataract surgery, as reflected in his DCR 602 form exhausted his administrative remedies as to a claim of entitlement to cataract surgery. Plaintiff's request for cataract surgery was raised in his initial appeal form, and it was granted at the second level of review: the decision shows plaintiff's request for cataract surgery was successfully resolved in his favor, and surgery was scheduled. The resolution of an appeal in a prisoner's favor exhausts his administrative remedies. (See *Woodford v. Ngo, supra*, 548 U.S. at p. 94 [165 L.Ed.2d at p. 380].)

8

But the appeal and subsequent decision did not exhaust plaintiff's administrative remedies as to "each of the claims present in th[e] First Amended Complaint," as plaintiff argues. Plaintiff's negligence cause of action rests on his allegations that, because defendant "refus[ed] to issue a new prescription," plaintiff was using glasses that did not correct his vision well enough to see the "new and unfamiliar" surroundings at the medical facility and, as a result, plaintiff stumbled, and was injured. Plaintiff's intentional tort claim alleges defendant intentionally misrepresented that plaintiff was legally blind, and caused plaintiff to be in unfamiliar surroundings where he was injured. Neither plaintiff's claim defendant negligently refused to issue him a new glasses prescription nor his claim defendant intentionally misrepresented the state of plaintiff's vision were raised by plaintiff's original DCR 602 (cf. Cal. Code Regs., tit. 15, § 3084.1, subd. (b)). Accordingly, plaintiff failed to exhaust his administrative remedies as to both claims.

To overcome this obstacle, plaintiff contends on appeal he is excused from pursuing his administrative remedies against defendant, because defendant is an independent contractor, rather than a DCR employee. In plaintiff's view, defendant's status as an independent contractor removed him "from under the protections provided by the Government Tort Claims Act," one of which, plaintiff asserts, is the "requirement that 'a prisoner must exhaust available administrative remedies before seeking judicial review . . . .' "

The parties agree that no published California cases address the availability of administrative grievance procedures for challenges to the actions of independent contractors. We are not persuaded, however, by plaintiff's arguments he was excused from exhausting his administrative grievance procedures before bringing this action.

Plaintiff argues chiefly by analogy to the Government Claims Act, which establishes a standardized procedure for bringing claims against public entities, and the employees of public entities (e.g., "public employees") if the injury on which suit was

9

based arose out of an act or omission within the scope of the employee's employment. (*McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 619; *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 610, 612-613.)  The Act expressly exempts independent contractors from its scope by excluding them from the definition of "public employee." (Gov. Code, §§ 810.2, 811.4.)

But the cases make it plain that plaintiff's obligation to exhaust the administrative remedies available to prisoners concerning the medical treatment they receive is independent of the obligation to comply with the Government Claims Act.  (See, e.g. *Wright v. State of California, supra,* 122 Cal.App.4th at pp. 670-671 [separately describing impediments posed by failure to exhaust administrative remedies available to prisoners and time limits imposed by the Act]; *Lozada v. City and County of San Francisco, supra,* 145 Cal.App.4th at p. 1155 [elimination of requirement of exhaustion of administrative remedies "does not eliminate . . . filing requirements under" the Act].)

And, in contrast to the provisions of the Act, independent contractors are neither specifically mentioned nor specifically exempted from the provisions of the regulations that establish the administrative review process for the resolution of prison grievances. (See Cal. Code Regs., tit. 15, §§ 3084.1-3084.7.)  Rather, those regulations provide that a prisoner may seek review by appeal of "any policy, decision, action, condition, or omission by the department *or its staff*."  (Cal. Code Regs., tit. 15, § 3084.1, subd. (a), italics added.)  The word "staff" as it appears in the definition of decisions and omissions from which a prisoner may appeal is not defined by the regulations (Cal. Code Regs., tit. 15, §§ 2000, 3084.1-3084.7), but the phrase "department or its staff" suggests the regulations were intended to define as broadly as possible the range of individuals whose decisions and omissions may form the basis of an appeal.  Accordingly, and in view of the fact that nothing in the language or policy of the applicable regulations excuses prisoners from exhausting their administrative remedies as to the actions and omissions of independent contractors, we construe the phrase "department or its staff" to include not

10

only officers, directors, and employees of the department, but also independent contractors, like defendant, who are retained by the department to provide services on its behalf. We note that federal courts have held that the requirement a prisoner exhaust his available administrative remedies under analogous federal law applies to claims against a privately-run prison staffed with private employees contracting with the government to provide this service. (See *Roles v. Maddox* (9th Cir. 2006) 439 F.3d 1016, 1017-1018 and the cases cited therein.)

Applying the exhaustion requirement broadly to include the decisions and omissions of individuals hired by the department but categorized as independent contractors also furthers the goals of mitigating damages, promoting judicial economy, encouraging prisoners to make full use of the prison grievance processes, providing prisons with a fair opportunity to correct their own errors, reducing the quantity of prisoner suits; and providing a record for courts to review. (See *Wright v. State of California, supra,* 122 Cal.App.4th at pp. 668-670.)

Plaintiff's actions in pursuing his health care appeal from defendant's decision not to recommend cataract surgery is also consistent with our reading of the regulation. Asked to "[d]escribe" the "[p]roblem" on his health care appeal form, plaintiff stated, "[T]he eye doctor told me that I have cataracts in both eyes but he refuses to send me out for their removal. My eyesight is dimming more and more due to these cataracts and I do need the surgery immediately." On the "action requested" line, plaintiff wrote: "send me out for cataract surgery." We agree with plaintiff's apparent conclusion that defendant's "refusal" to recommend plaintiff for cataract surgery was a decision or omission within the regulation allowing for an appeal. (Cal. Code Regs., tit. 15, § 3084.1, subd. (a).)

Defendant's decision to deny plaintiff a new glasses prescription, and his intentionally incorrect diagnosis of plaintiff's eyesight, are likewise decisions, actions or omissions from which plaintiff was required to appeal, and thereafter to exhaust his administrative remedies, before bringing the instant action. By failing to exhaust his

11

administrative remedies as to these claims, plaintiff failed to alert DCR to the problem, allow it to facilitate the resolution of those problems, or otherwise to serve the goals of the prison grievance procedures. (See *Wright v. State of California, supra,* 122 Cal.App.4th at pp. 668-670.)

The trial court did not err in concluding plaintiff should have, and failed to, exhaust his administrative remedies as to the claims against defendant raised in the complaint. Plaintiff has not suggested either below or on appeal how he might amend his complaints so as to escape the exhaustion requirements, and we see none. The demurrer was properly sustained without leave to amend on the ground.

DISPOSITION

The judgment of dismissal is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278 (a)(5).)


                                                              HULL             , J.


We concur:


       RAYE            , P. J.


       BLEASE         , J.