Filed 6/11/21  Jackson v. Truong CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ANTORINETTE JACKSON, | |
| Plaintiff and Appellant, | E073434 |
| v. | (Super.Ct.No. RIC1715688) |
| FRANK TRUONG | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Tofer & Associates and Michael P. Green for Plaintiff and Appellant.

Rob Bonta and Xavier Becerra, Attorney Generals, Danielle F. O'Bannon, Assistant Attorney General, Elizabeth S. Angres, Gary Ostrick, and Thomas M. McMahon, Deputy Attorneys General, for Defendant and Respondent.

Plaintiff and appellant Antorinette Jackson appeals the grant of summary judgment in favor of defendant and respondent Frank Truong, M.D.  On August 21, 2016, Jackson was incarcerated in the California Department of Corrections and Rehabilitation (CDCR)

1

at the California Institute for Women (CIW). Jackson slipped and fell in the shower and broke her ankle. She had surgery outside CIW at the Riverside County Regional Medical Center (RCRMC) and returned for three weeks to CIW between September 8, 2016, and September 21, 2016, during which time she was treated by Dr. Truong and other prison staff. Jackson developed an infection during this time and had to have additional surgery at RCRMC on September 26, 2016, to close an open wound on the ankle.

It is well-established that a state prisoner must exhaust available administrative remedies before filing a lawsuit in state or federal court. Title 15 of the California Code of Regulations section 3084 et. seq.[1] establishes a multilevel administrative review process for the resolution of prison grievances. Jackson filed pursuant to section 3084 several Inmate/Parolee Appeal Forms, CDCR Form 602 (Form 602) relating to her broken ankle. Jackson did not name Dr. Truong, her treating physician at CIW, or specifically file a grievance based on her treatment in September 2016, in any Form 602 filed with CIW. Jackson filed a complaint against Dr. Truong in Riverside County Superior Court alleging medical malpractice. Dr. Truong's motion for summary judgment to dismiss the complaint was granted on the grounds that Jackson had failed to exhaust her administrative remedies.

---

[1] Title 15 of the Code of Regulations section 3084 was renumbered in September 1, 2017. The current process for inmate grievances appears in section 3480 et seq, effective June 1, 2020. All further statutory references to the California Code of Regulations section 3084 et seq. refer to the version prior to September 1, 2017, unless otherwise indicated.

Plaintiff claims on appeal that the trial court improperly granted Dr. Truong's motion for summary judgment as (1) she properly exhausted her administrative remedies; and (2) it would be futile to require her to file an additional administrative action to exhaust remedies. We conclude the motion for summary judgment was properly granted.

## FACTUAL AND PROCEDURAL HISTORY

### A. STATEMENT OF FACTS

The facts are drawn from the undisputed material facts submitted by Dr. Truong and the additional undisputed material facts provided by Jackson.

On August 21, 2016, Jackson fell in the shower while incarcerated at the CIW and broke her ankle. Jackson was transferred to the RCRMC by ambulance for surgery. She underwent surgery on September 8, 2016. Her ankle was set in a three-sided splint. She was instructed not to put weight on her ankle and to keep the splint dry, clean and intact. She was to get help if she experienced any increased pain or soreness at the surgery site, or the splint was too tight.

Jackson was seen at CIW on several occasions between September 8, 2016, and September 26, 2016. On September 9, 2016, she complained of pain and was given additional pain medication. Jackson was seen by Dr. Truong on September 13, 2016. Dr. Truong was her primary care physician at CIW from 2013 through 2018. He noted that the splint was intact and she could wiggle her toes. Additional pain medication was given to Jackson. Jackson was seen by a registered nurse on September 15, 2016. She complained of pain and wanted a refill of her pain medication. Jackson could wiggle her toes and no edema was present. Dr. Truong was contacted and he continued her pain

3

medication. Jackson was seen on September 21 and 23, 2016 at CIW and she complained of swelling and pain.

Jackson stated that she felt ill during this time with pain, chills, fever and she felt weak like she had the flu. Jackson insisted that Dr. Truong ignored her pain and refused to remove the splint on her ankle to check the wound. Dr. Truong stated he would have referred her to RCRMC if she had made the complaints to him. On September 26, 2016, she was seen at RCRMC and the wound on her ankle was dehiscent (open) and infected; it was not gangrenous. Jackson had to have a second surgery at RCRMC to close the wound on her ankle. Jackson had further surgery on December 1, 2017.

On September 9, 2016, Jackson submitted a Form 602 to the Inmate Appeals Office at CIW complaining that she had slipped on a bar of soap in the shower at CIW. She complained that the ADA compliant shower was not working at CIW and that she received inadequate care at CIW until the ambulance arrived to take her to RCRMC. The Form 602 was initially rejected by the Inmate Appeals Office. She submitted a new appeal designated HC 16028624. It incorporated the Form 602 filed on September 9, 2016. On January 31, 2017, the Form 602 was partially granted in that she was found to be entitled to continued medical treatment as all inmates were entitled to medical treatment. However, her request for $475,000 in compensation was denied as beyond the appeals process. Between September 2016 and the time she filed her complaint for damages on August 22, 2017, Jackson never filed a Form 602 mentioning Dr. Truong's name despite filing nine other Form 602s with the Inmate Appeals Office. Jackson never filed a Form 602 between September 1, 2016, and December 1, 2016, complaining about

4

the medical care provided by Dr. Truong or even implying that she received inadequate medical care from Dr. Truong. It was not until June 2017, when she filed a Form 602 designated HC 17028866 that she indirectly accused Dr. Truong of inadequate medical care. In the Form 602, she did not complain about Dr. Truong's treatment in September 2016, but rather complained about her current medical treatment, the refusal to provide her ice for her ankle and that she was denied an MRI. The Form 602 in case HC 17028866 was denied and she did not file an appeal. Jackson did not appeal any of the Form 602 claims that she filed.

B.     PROCEDURAL HISTORY

1.     *FIRST AMENDED COMPLAINT*

Jackson originally filed a complaint in the Riverside County Superior Court against Dr. Truong and the State of California through the CDCR on August 22, 2017, for two causes of action, which consisted of (1) medical malpractice against Dr. Truong under California law between August 21, 2016, and November 5, 2016; and (2) deprivation of rights under color of state law pursuant to 42 U.S.C. section 1983. She alleged that Dr. Truong failed to properly monitor her ankle and leg, and failed to diagnose the infection around the surgical site.

The cause was removed to federal district court and she filed a first amended complaint (FAC) adding a third cause of action for a violation of California Government Code section 845.6. The FAC was returned to the Riverside County Superior Court after the second and third causes of action, and the claim against the State of California in the first cause of action, were dismissed. The only remaining cause of action in the FAC was

5

the medical malpractice claim against Dr. Truong. Jackson's action specifically complained that Dr. Truong was indifferent and negligent in the care of her ankle between August 21, 2016, and November 5, 2016, because RCRMC found that her wound was infected and dehiscent on September 26, 2016.

## 2. *SUMMARY JUDGMENT MOTION*

Dr. Truong filed his notice of motion and motion for summary judgment of the FAC on May 16, 2019 (Motion). Dr. Truong alleged that Jackson had failed to properly exhaust her administrative remedies pursuant to Title 15 of the California Code of Regulations with respect to the facts and claims against Dr. Truong. The Motion was based on the separate statement of undisputed facts, the request for judicial notice, deposition transcripts, and the declarations of S. Gates, W. Thorpe, and Deputy Attorney General Gary Ostrick.

Dr. Truong contended that Jackson had failed to exhaust her administrative remedies by filing a Form 602 naming Dr. Truong and raising the claim that she received inadequate medical care between September 2016 and August 2017. Even if it could be implied that she raised an issue about the medical care she received from Dr. Truong during that time period, she did not exhaust the claim to the third level of review as required by sections 3084.1 and 3084.7.

In support of the Motion, Dr. Truong submitted the declaration of S. Gates. He was the Chief of the Health Care Correspondence and Appeals Branch at the CDCR. He explained there were three levels for an inmate appeal. The first and second levels of review were at the prison facility—in this case, CIW. The third level of review was to

6

the Health Care Correspondence and Appeals Branch office. Gates also reviewed the Form 602s filed by Jackson while she was incarcerated at CIW from 2014 until August 8, 2017. Those Form 602s were attached to Gates's declaration.

This included the Form 602 filed on September 9, 2016, by Jackson complaining about her falling in the shower at CIW and the inadequate treatment prior to the ambulance arriving. There was no mention of Dr. Truong. This Form 602 was rejected; she refiled the same Form 602 and it was designated case number HC 16028624. That appeal also did not mention Dr. Truong or the medical care she received between September 8, 2016, and September 26, 2016. It did include additional language that Jackson had infection at the surgical site and that she had long-term problems with the ankle. Dr. Truong was involved in the review of the appeal. The appeal was partially granted giving her continued medical treatment but denied as to her request for $475,000 compensation because it was "beyond the scope of the appeals process." She was advised to file an appeal to the second level of review if she was unhappy with the result.

From January 2017 until June 2017, she filed several additional Form 602 complaints but they were all denied and she did not appeal beyond the first level of review; none mentioned Dr. Truong's name or her medical treatment in September 2016. In June 2017, she filed a Form 602 complaining that she wanted ice packs for her ankle and a MRI. She did not mention Dr. Truong by name or reference her medical care in September 2016.

Dr. Truong also provided in support of the Motion a declaration from W. Thorpe who was the inmate appeals coordinator at CIW. Thorpe received appeals from inmates,

7

which were not health related. No appeals filed by Jackson between September 2016 and September 2017, named Dr. Truong.

In further support of the Motion, Dr. Truong presented Jackson's deposition testimony. She had filed a Form 602 in case HC 16028624 that detailed her being upset when she was taken from the shower. The wheelchair was too small and her foot was dangling. She never appealed the Form 602 in that case. She recalled advising Dr. Truong that she did not feel good and that she had chills. She asked him to look at her leg but he would not take off the splint. She was unsure if Dr. Truong could have removed the splint and replaced it at CIW. He told her he could not get in the splint to look at the wound. He told her to wait for her follow-up appointment at RCRMC. A week after the surgery she felt weak and had hot and cold flashes. She felt like she had a bad case of the flu on September 26, 2016.

Dr. Truong also provided medical records from RCRMC. Jackson's response to Dr. Truong's requests for admission were also included. She admitted she did not submit or file a Form 602 complaining about medical care by Dr. Truong during the period from September 2016 to December 31, 2016, or appeal any to the third level of review. She submitted no appeals to the third level after breaking her ankle. In response to interrogatories, Jackson complained that Dr. Truong should have been aware of the possibility of infection and did not properly inspect her wound.

### 3. *JACKSON'S OPPOSITION TO THE MOTION*

Jackson filed opposition to the Motion. Jackson admitted she had not exhausted her administrative remedies specifically against Dr. Truong but insisted that she had

8

exhausted as to the medical treatment by the staff. She won the appeal as to medical care. Further, less specificity is required to exhaust an administrative appeal. Jackson also argued it would be futile to require her to file another administrative appeal raising the same issues to just include Dr. Truong's name. In support of the opposition to the Motion, Jackson submitted records from CIW and RCRMC, and additional excerpts from her deposition, and Dr. Truong's deposition.

### 4. *REPLY TO OPPOSITION*

Dr. Truong filed a reply to Jackson' opposition to the Motion. Dr. Truong insisted that Jackson had failed to exhaust her administrative remedies. Section 3084 et. seq. was very specific on exhaustion requirements and Jackson had not met the requirements. Jackson made no attempt to distinguish her case from other cases cited by Dr. Truong as to the exhaustion requirements. Further, she had failed to exhaust any of her administrative remedies to the third level of review as required by section 3084 et. seq. Further, she never filed a Form 602 that directly or indirectly complained about Dr. Truong's care in September 2016. Finally, Jackson failed to show that the futility exception applied to her case.

### 5. *RULING*

The Motion was heard on July 30, 2019. Prior to the hearing, the trial court issued a tentative ruling. The trial court planned to grant the Motion on the ground that Jackson had failed to exhaust her administrative remedies. Relying on section 3084.1, subdivision (b), the trial court noted that Jackson had failed to name Dr. Truong in the Form 602. Further, even if she did not need to name Dr. Truong, she failed to comply

9

with section 3084.2, subdivision (a)(3), by omitting any facts or argument that she was complaining about the medical care received from Dr. Truong. The Form 602 only referred to the inadequate wheelchair, the condition of the shower and the lack of transport. Moreover, even if the Form 602 could be considered to have raised the complaint about Dr. Truong and his medical care, Jackson failed to exhaust the claim as required through the second and third levels of review.

The trial court also rejected that the futility exception applied. Jackson failed to present evidence what the outcome of the proceedings would have been if she had presented her grievance regarding the medical care provided by Dr. Truong to the Inmate Appeals Office. Further, she presented no evidence of what the result would have been through the second and third levels of review.

At the hearing, Jackson insisted that when she refiled the Form 602 in November 2016, after the September 9, 2016, Form 602 had been rejected, she included facts that she had a post-surgical infection. This was sufficient to raise the issue of inadequate medical care. Her claim was partially granted so she did not need to appeal. Jackson only had to put the prison on notice of her claims and did not need to be factually specific. She did not have to name Dr. Truong in order to exhaust her administrative remedies. Further the futility exception applied because if she filed again naming Dr. Truong, the result would be the same.

Dr. Truong responded that Jackson never filed a Form 602 complaining about inadequate medical treatment. In fact, the relief she sought was continued medical treatment. Further, she had to exhaust her remedies through the third level of review.

10

The futility exception did not apply because she never raised the issue of inadequate medical treatment.

The trial court adopted the tentative ruling. The judgment granting the Motion was entered on July 30, 2019. Jackson filed a timely notice of appeal from the grant of the Motion.

## DISCUSSION

A.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

"A trial court will grant summary judgment where there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. A defendant moving for summary judgment must prove the action has no merit. He does this by showing one or more elements of plaintiff's cause of action cannot be established or that he has a complete defense to the cause of action. At this point, plaintiff then bears the burden of showing a triable issue of material fact exists as to that cause of action or defense." (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 466; see also *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849-850 (*Aguilar*).) "A trial court may only grant a motion for summary judgment if no triable issues of material fact appear and the moving party is entitled to judgment as a matter of law." (*Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 618.)

If the moving defendant meets its burden of showing evidence "that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action . . . the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense

11

thereto. The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar*, *supra*, 25 Cal.4th at p. 849.) "[A] party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.' " (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.)

"In ruling on the motion, the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.) Our review of the summary judgment is de novo. (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.)

B.    ADMINISTRATIVE PROCEDURE

"Under both state and federal law, a prisoner must exhaust available administrative remedies before seeking judicial relief. . . . The exhaustion requirement is jurisdictional: a court cannot hear a case before a litigant exhausts administrative remedies." (*Wright v. State* (2004) 122 Cal.App.4th 659, 664-665 (*Wright*); see also *In re Serna* (1978) 76 Cal.App.3d 1010, 1014 ["The well established doctrine of exhaustion of administrative remedies applies to grievances lodged by prisoners"].)

"California prison regulations establish . . . that a prisoner may seek review by appeal of 'any policy, decision, action, condition, or omission by the department or its staff' that has a material adverse effect upon [her] 'health, safety, or welfare.' " (*Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1380 (*Parthemore*).) To commence the administrative appeal process, the prisoner must file a Form 602 explaining the issue under appeal and the relief requested. (§ 3084.2, subds. (a)(1) & (a)(2), 3084.6, subd. (c).) The administrative appeal process consists of the first, second and third formal levels of review. (§ 3084.7)

The prisoner in the Form 602 "shall list all staff members(s) involved and shall describe their involvement in the issue." This includes the first and last name of the staff member and the dates involved. If the staff member name is unknown, the prisoner must include some kind of identifying information. (§ 3084.2, subd. (a)(3).) The inmate must include all relevant facts pertaining to the issue on appeal. (§ 3084.2, subd. (a)(4).) Section 3084.8, subdivision (b)(1), requires the submission of an appeal within 30 days of the occurrence of the event upon which the inmate requests relief.

If the appeal at the first level of review does not resolve the grievance, the prisoner may proceed through the second and third levels of review. (§§ 3084.2, subds. (c) & (d), 3084.7, subds. (a)-(c).) Administrative remedies are not deemed exhausted until the appeal proceeds to a third level review, and administrative remedies are not deemed exhausted as to any new issue, information or person not included in the originally submitted Form 602. (§ 3084.1, subd. (b); see also *Parthemore*, *supra*, 221 Cal.App.4th at p. 1380.) Completion of the third level of review is required before administrative

13

remedies are deemed exhausted for purposes of filing a lawsuit in the state or federal courts. (§ 3084.1, subd. (b); see *Wright*, *supra*, 122 Cal.App.4th at p. 667.)

"Requiring proper exhaustion of administrative remedies in accordance with these procedures serves multiple goals: it may mitigate damages; promote judicial economy; encourage prisoners to make full use of the prison grievance processes; provide prisons with a fair opportunity to correct their own errors; reduce the quantity of prisoner suits; and provide a record for courts to review. [Citations.] [¶] Partly because the purpose of a grievance procedure such as the one at issue here is to alert the prison to a problem and facilitate its resolution, exhaustion of administrative remedies is required even when money damages or other relief sought by the prisoner is unavailable." (*Parthemore*, *supra*, 221 Cal.App.4th at p. 1380.)

## C. FAILURE TO EXHAUST

Jackson insists she exhausted her administrative remedies. While admitting that she did not name Dr. Truong, she claims she did enough to raise that she received inadequate medical care by providing that she had a surgical site infection and long term damage to the ankle. She further claims Dr. Truong was aware of the appeal because he was tasked to review the appeal at the first level of review.

As stated, section 3084.2, subdivision (a)(3) provides that "the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal." In *Wright*, *supra*, 122 Cal.App.4th 659, the court rejected that an inmate need only "substantially comply" with the exhaustion of administrative remedies. The court found that "[t]he exhaustion

14

requirement is jurisdictional: a court cannot hear a case before a litigant exhausts administrative remedies." (*Wright*, at pp. 664-665.)

In accordance with section 3084.2, subdivision (a)(3), Jackson was required to name Dr. Truong in her Form 602. Jackson concedes that she never included his name. It was clear that Jackson was aware of Dr. Truong's name as he had been her personal physician. Jackson failed to exhaust her administrative remedies by not naming Dr. Truong.

Additionally, administrative remedies are not deemed exhausted as to any new issue, information or person not included in the originally submitted Form 602. (§ 3084.1, subd. (b).) Here, the Form 602 submitted by Jackson on September 9, 2016, and then resubmitted on December 1, 2016, did not mention Dr. Truong's name or his provided medical care. She complained about the shower being unsafe and that she was humiliated by the size of the wheelchair used at CIW, and the lack of transportation. She only alleged that she had an infection at the surgical site and would require lifetime treatment. At no time did she allege that the infection or other problems she had with her ankle was due to the treatment she received from Dr. Truong in September 2016.

In the FAC, Jackson alleged for the first time that between August 1, 2016, and November 5, 2016, Dr. Truong failed to properly monitor her ankle, failed to diagnose her infection and failed to properly treat the infection. Jackson failed to exhaust her administrative remedies as to the claims alleged in the FAC.

Further, in *Wright*, the court found it lacked jurisdiction because the matter was still pending in the third level of review when the complaint was filed. The court found,

15

"Wright failed to exhaust his available administrative remedy because, as he acknowledges, his third formal level review had not been resolved at the time he filed his first amended complaint. An inmate who has not completed the review process provided under section 3084.1, subdivision (a) has not exhausted the available administrative remedies." (*Wright*, *supra*, 122 Cal.App.4th at p. 667.)

Here, there is no dispute that Jackson, even if we could consider that her Form 602 implied that she was referring to Dr. Truong and the medical malpractice claims, she never appealed to the third level of review. Because Jackson did not pursue to the third level of review, she did not exhaust her administrative remedies. (*Wright*, *supra*, 122 Cal.App.4th at p. 667.) The *Wright* court noted that this exhaustion requirement applies even if an inmate is only seeking monetary damages, which are "unavailable in the administrative process." (*Id.* at p. 668.) The court noted that "[e]xhausting the administrative process in this case would also take advantage of the Department's expertise to make findings of fact, apply the law to the facts, and provide a record for the courts to review." (*Wright*, at p. 669.)

Although Jackson's request for continued medical treatment was granted when she filed her Form 602 in December 2016, her request for monetary compensation was denied. She did not further appeal this decision. Based on the findings in *Wright*, she needed to exhaust her administrative remedies by appealing to the second and third levels of review. Jackson did not exhaust her administrative remedies to appeal to the third level of review. Jackson insists that she did not have to appeal the finding on her Form 602 because it was partially granted as to medical treatment and denied as to the

16

monetary compensation, which could not be obtained in the administrative process. However, Jackson makes no effort to distinguish *Wright* or explain how it is not applicable to this case. As such, we reject her claim.

Jackson failed to name Dr. Truong when filing her Form 602 seeking continued medical treatment and compensation in the amount of $475,000; she never stated facts that alerted the Inmate Appeals Office that she was injured due to Dr. Truong not providing proper medical care between August 21, 2016, and November 5, 2016; and she failed to exhaust her appeal through the third level of the review. The trial court properly granted the Motion on the ground of failure to exhaust administrative remedies.

D.    FUTILITY EXCEPTION

Jackson further claims the trial court erred by granting the Motion because it would have been futile to require her to file a new administrative action naming Dr. Truong. The result would be the same because her medical injuries remain the same and the prison had predetermined the issues against her.

Under California law, " ' "futility is a narrow exception to the general rule" ' " requiring exhaustion of remedies." (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1313 [taxpayer suit].) "The exception applies only if the party invoking it can positively state that the administrative agency has declared what its ruling will be in a particular case." (*Ibid.*)

Here, Jackson never presented the factual issue to CIW that she was seeking redress for the medical care she received from Dr. Truong in September 2016. Although the prison reviewed her claim that she needed continued medical treatment due to her

17

falling and breaking her ankle in the shower, it was not asked to address the adequacy of her medical care at CIW. Further, she requested compensation but did not state it was due to inadequate medical care.

As such, this court cannot speculate how the Inmate Appeals Office at CIW would have resolved the issue of inadequate medical care provided by Dr. Truong. The CIW may have taken different action if they had been alerted by Jackson that she believed she received inadequate medical care from Dr. Truong. Thus, Jackson cannot establish futility in pursuing the required administrative procedures.

## DISPOSITION

The judgment by the trial court granting the Motion is affirmed. As the prevailing party, respondent is awarded his costs on appeal.

MILLER _____
Acting P. J.

We concur:

SLOUGH _____
J.

RAPHAEL _____
J.