Filed 9/2/21  Washington v. Doe CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON, | F081917 |
| Plaintiff and Appellant, | (Super. Ct. No. 18C0355) |
| v. | |
| JOHN DOE et al., | **OPINION** |
| Defendants and Respondents. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Christopher Nathaniel Washington, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Maria G. Chan and Janine W. Boomer, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

Appellant Christopher Nathaniel Washington, a self-represented prison inmate, contends the trial court erred in dismissing his writ petition pursuant to Code of Civil

---

[*]      Before Franson, Acting P.J., Smith, J. and Meehan, J.

Procedure section 581, subdivision (f)(2).[1]  In June 2019, the trial court issued an order sustaining a demurrer to Washington's first amended petition for writ of mandate and directing Washington to file an amended petition within 30 days.  Washington's amended pleading was signed by him and filed by the court in July 2020, more than one year after the trial court's order.  As explained below, we conclude the trial court did not abuse its discretion when it ordered the dismissal of this lawsuit because Washington failed to timely file an amended pleading after being given leave to amend.

We therefore affirm the judgment.

## BACKGROUND

On August 30, 2018, Washington submitted a formal grievance using "CDCR 602" (Form 602) stating that on July 9, 2018, he "was rolled up from CSP-Corcoran Byrd Building #3 incidently [*sic*] staff refused to locate or pack my type writer and my television."  The Form 602 listed the typewriter's value at $209, the 13-inch flat screen television's value at $180, and a replacement ribbon's value at $43.  Thus, the total value of the missing property was $432.  In the Form 602, Washington addressed his attempt at an informal resolution by stating he had mailed an inmate request for an interview and 30 days had passed without a reply.

A "CDC FORM 695" (Form 695) dated September 5, 2018, advised Washington that his Form 602 had been forwarded to California State Prison-Corcoran for further processing.  Less than a week later, the Form 602 was rejected.  A second Form 695 informed Washington that necessary supporting documents were missing and he needed to attach a property receipt showing the property has been issued to him.  In addition, it stated:  "You must also clarify if you were issued property during your housing at SATF as you were housed there after CSP-COR."  (Italics omitted.)

---

[1]     Unlabeled statutory references are to the Code of Civil Procedure.

2.

In November 2018, Washington mailed a petition for writ of mandate to the Kings County Superior Court. Within a week, the superior court filed the petition. The petition listed the respondent as John Doe, Warden of California State Prison–Corcoran. The petition alleged Washington filed an appeal (i.e., the Form 602) on August 30, 2018 and on September 5, 2018 and September 11, 2018, the appeal was rejected "despite facts and supporting documents both of which support [my] claims and of which support [my] request." The petition alleged Washington had "performed all conditions precedent to the filing of this petition by having exhausted all available remedies obtaining response from Assigned Counselor as requested." In his prayer for relief, Washington requested a writ of mandate directing the Warden of California State Prison–Corcoran to return his lost property or compensate him for its loss.

On December 4, 2018, the trial court filed an order setting a hearing on a sua sponte motion for judgment on the pleadings. The order stated Washington had "failed to allege or demonstrate exhaustion of [his] administrative remedies" and an inmate "must exhaust administrative remedies through the third level before filing a lawsuit with the court." The order set the sua sponte motion for a hearing on January 16, 2019, and directed Washington "to file a first amended complaint alleging exhaustion of administrative remedies through the third level and attaching documentation to demonstrate compliance with this requirement, or an allegation as to why exhaustion should not be required."

In January 2019, Washington requested a continuance of the hearing. The trial court issued an order setting a date in March 2019 for the hearing. On January 30, 2019, Washington filed a document labeled "Petitioners Notice Request Petition For Writ of Mandate Prohibition Code 1085–1086 First Amended Mandamus." For purposes of this opinion, we refer to this document as the first amended petition. The first amended petition repeated the allegations about Washington submitting the Form 602 on August

3.

30, 2018, and its subsequent rejection in September 2018. It did not include allegations addressing exhaustion through the third level.

On May 22, 2019, respondent Warden Clark filed a demurrer to the first amended petition. The grounds for the demurrer included that "Washington has not established that a petition for writ of mandate is his only available remedy, that he exhausted his administrative appeals, or established that the Warden had a ministerial duty to compensate Washington for his missing property." On May 31, 2019, Washington filed an objection/opposition to the demurrer. Washington's opposition cited *Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498 (*Escamilla*) to support his argument that the use of a petition for writ of mandate to proper to compel prison officials to return lost personal property or pay its value in money was proper.[2]

On June 28, 2019, the trial court held a hearing on the demurrer at which Washington appeared by telephone and a deputy attorney general appeared on behalf of Warden Clark. The trial court adopted its tentative ruling, which was to sustain the demurrer and grant leave to amend. At the bottom of the tentative ruling, the court handwrote: "30 days to File and Serve amended petition." The proof of service attached to the court's order states it was mailed to Washington and the deputy attorney general on June 28, 2019.

Nearly a year later, on June 25, 2020, respondent filed a motion to dismiss the petition for writ of mandate asserting "Washington failed to file a second amended petition by the July 28, 2019 deadline set by the Court." On July 1, 2020, the trial court

---

[2] "In *Escamilla*, the court held an inmate could pursue a petition for writ of mandate seeking the return of specific personal property (or the value thereof) without first presenting a claim under the Government Claims Act. [Citation.] The court's holding was based on its conclusion that such a petition does not assert a claim 'for money or damages' for purposes of Government Code section 905.2, subdivision (b) and, therefore, the inmate was not required to comply with the claim presentation requirements of the Government Claims Act. [Citation.]" (*Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1022–1023 (*Foster*).)

filed an order directing that Washington be allowed telephone access to appear at a July 30, 2020 hearing on the motion to dismiss.

On July 20, 2020, the clerk of the superior court filed Washington's second amended complaint, which was prepared using optional Judicial Council forms PLD-C-001 ("COMPLAINT–Contract") and PLD-PI-001 (2) ("CAUSE OF ACTION–General Negligence"). The papers submitted by Washington included his declaration stating the June 2020 motion to dismiss incorrectly claimed that his *first* amended complaint was never filed.[3]

On July 31, 2020, the trial court filed an order continuing the hearing on the motion to dismiss and attaching a copy of its tentative ruling to grant the motion "based upon [Washington's] failure to file a second amended petition in a timely manner and in accord with the leave extended by the court on June 28, 2019." Later, the hearing was continued to October 6, 2020. At that hearing, both Washington and the deputy attorney general appeared telephonically. After the hearing, the court signed an order adopting its tentative ruling, which stated:

> "Grant the court's *sua sponte* motion to strike the second amended complaint that was filed 7/20/20 without permission and contrary to the procedural rules and statutes after defendant filed its motion to dismiss on 6/25/20. Grant respondent's motion to dismiss this lawsuit. Petitioner has failed to excuse his failure to file a second amended petition by 7/28/2019 as ordered by the court in the ruling dated 6/28/19 mailed to the parties. Dismissal is entered in accordance with CCP 581(f)(2)."

Two weeks later, Washington filed a notice of appeal.

---

**3** This assertion is off point because (1) respondent's May 2019 demurrer challenged the first amended petition filed in January 2019 and (2) the trial court sustained that demurrer and granted "30 days to File and Serve amended petition." Thus, the "amended petition" referred to in the court's order necessarily would be a *second* amended petition. (See Cal. Rules of Court, rule 3.1324(a)(1) [amended pleadings must be serially numbered].) Read in context, the order does not imply the demurrer was sustained to the original (i.e., unamended) writ petition.

**DISCUSSION**

I.    DEMURRER

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language."  (§ 425.10, subd. (a)(1).)  When a complaint "does not state facts sufficient to constitute a cause of action," a defendant may raise that objection by filing a demurrer.  (§ 430.10, subd. (e).)  "The facts that must be included in a complaint or petition to properly allege a cause of action are referred to as the essential elements of the cause of action."  (*Foster*, *supra*, 61 Cal.App.5th at p. 1018.)  In *Foster*, the court concluded that "California law treats exhaustion or an excuse as an essential element of an inmate's cause of action for the recovery of personal property or its monetary value."  (*Id*. at p. 1024.)  Consequently, the plaintiff-inmate in *Foster* was required to alleged that he exhausted his administrative remedies or that he had a valid excuse for not exhausting those remedies.  (*Id*. at pp. 1023–1024; see *Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1379 [inmate complaint that does not plead exhaustion of administrative remedies is vulnerable to demurrer]; *Wright v. State of California* (2004) 122 Cal.App.4th 659, 665 [exhaustion requirement applies to prisoner lawsuits].)

Under the foregoing principles of law, the trial court correctly determined Washington was required to allege he had exhausted his administrative remedies through the third level of the administrative appeal process.  Our review of the first amended petition shows it did not allege exhaustion and, therefore, failed to state all of the elements constituting a cause of action.  As a result, the trial court properly sustained the demurrer with leave to amend.  (See *Foster*, *supra*, 61 Cal.App.5th at p. 1024 [inmate writ petition that made no reference to exhaustion of administrative remedies failed to state facts sufficient to constitute a cause of action].)  Therefore, the dismissal order cannot be overturned on the ground the first amended petition stated all the essential elements of a cause of action.

## II. DISCRETIONARY DISMISSAL

### A. Basic Principles

Section 581, subdivision (f) states: "The court may dismiss the complaint as to that defendant when: [¶] … [¶] (2) Except where Section 597 applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Section 597 addresses the handling of certain special defenses and that exception does not apply in this case.

The statutory phrase "may dismiss" unambiguously grants discretionary authority to trial courts. (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 807.) A trial court's exercise of the discretionary authority granted by subdivision (f)(2) of section 581 is, therefore, subject to appellate review under the abuse of discretion standard. (*Ibid.*) This standard "affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.) "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice." (*Ibid.*)

### B. Application of Law to This Case

In his appellant's reply brief, Washington states he received a second order from the court to amend his complaint. Washington asserts this is when he submitted his second amended complaint on or about July 1, 2019. Washington also contends the court never properly communicated with him for almost an entire year.

In reviewing the record, we found nothing supporting Washington's statement that he submitted a second amended complaint in July *2019*. The second amended complaint in the clerk's transcript was prepared using optional Judicial Council forms. At the bottom of the second page of the form complaint, the handwritten date immediately before Washington's signature was "7-16-2020." The file stamp on that form's first page

indicates the trial court filed the document on July 20, 2020. The "7-16-2020" date also appears before Washington's signature on (1) the civil case cover sheet (mandatory Judicial Council form CM-010) filed on July 20, 2020 and (2) the notice of intent to appear by telephone (optional Judicial Council form CIV-020) filed on July 20, 2020.

As a result, we cannot accept Washington's factual assertion that he complied with the trial court's order by submitting an amended pleading in July 2019. The information available in the record shows the amended pleading was prepared and submitted more than one year after the trial court's June 2019 order sustained the demurrer and granted Washington 30 days to file an amended petition. In light of this one-year delay, we conclude the trial court did not abuse its discretion in granting the motion to dismiss pursuant to section 581, subdivision (f)(2).

## DISPOSITION

The judgment of dismissal is affirmed. Respondent shall recover his costs on appeal.